IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER LUBAWSKI,  )<br> )<br>Petitioner,  )<br> )<br>v.  )<br> )<br>JOSEPH F. MAZURKIEWICZ,  )<br>Superintendent of SCI-Greensburg; THE  )<br>PENNSYLVANIA BOARD OF  )<br>PROBATION AND PAROLE,  )<br> )<br>Respondents.  ) | Civil Action No. 11-1246<br><br>Magistrate Judge Cynthia Reed Eddy |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed as moot.

**II. REPORT**

Petitioner, Walter Lubawski, an inmate incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, commenced the instant action on September 29, 2011 by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argued that the Pennsylvania Board of Probation and Parole (the Board) improperly refused to grant him re-release on parole following his incarceration for backtime due to technical parole violations. For the reasons set forth below, the Petition is moot and should be dismissed.

A. Mootness

Generally, when a prisoner is challenging the execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner is released from custody before the habeas proceedings have concluded. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Burkey v. Marberry, 556 F.3d 142, 147-

48 (3d Cir. 2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id*. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147 (citing Spencer, 523 U.S. at 7).

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. *See, e.g.*, Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. *Id*. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. *Id*.; Burkey, 556 F.3d at 148 ("Where ... the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

Petitioner is challenging a decision to deny him reparole, which was recorded on September 13, 2011. Since the filing of his Petition, the Board discovered additional criminal charges pending against Petitioner. As a result, the Bord rescinded its September 13, 2011

parole denial decision. Because the decision Petitioner seeks to challenge no longer is in effect, there is no case or controversy for this Court to consider and the Petition should be dismissed as moot.

### B. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. ' 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that A "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether the Petition now is moot. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

August 16, 2012

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Walter Lubawski
CD-7288
S.C.I. Lane
165 SCI Lane
Greensburg, PA 15601